UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS CORTEZ,

    Petitioner,                  Case No. 2:22-CV-10430

v.                                U.S. DISTRICT COURT JUDGE
                                   GERSHWIN A. DRAIN

FEDERAL BUREAU OF
PRISONS, *et. al*.

    Respondents,
_____/

**OPINION AND ORDER (2) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS [#1], (2) GRANTING THE MOTION TO FILE A SUPPLEMENTAL RESPONSE [#7] AND (3) GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jesus Cortez, ("petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he alleges that the Bureau of Prisons (BOP) is preventing him from participating in educational and rehabilitation programs because of his immigration status. He seeks a specialized immigration hearing to determine whether he is removable. Respondent filed an answer to the petition. (ECF No. 6). Respondent filed a motion to file a supplemental response. (ECF No. 7). For the reasons that follow, the petition for writ of habeas corpus is DENIED. The motion to file a supplemental response is GRANTED. Petitioner is GRANTED leave to appeal *in forma pauperis*.

1

# I. Background

In 2017, petitioner was convicted in the United States District Court for the Western District of Texas of conspiracy to possess with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense. Petitioner was sentenced to 210 months in prison.

Petitioner's conviction was affirmed on his direct appeal. *United States v. Cortez*, 729 F. App'x 365 (5th Cir. 2018). Petitioner subsequently filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court. The United States Court of Appeals for the Fifth Circuit denied petitioner a certificate of appealability and dismissed the appeal. *See United States v. Cortez*, No. 21-50152, 2022 WL 3928521 (5th Cir. Aug. 31, 2022).

Petitioner filed the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons is not allowing him to participate in educational and rehabilitation programs because of his status as an alien resident. He seeks a specialized immigration hearing by the Immigration and Customs Enforcement (ICE) and the Executive Office for Immigration Review (EOIR) to determine whether he is removable. These hearings are conducted as part of the Institutional Hearing Program. (IHP). Petitioner also has filed an application for naturalization based on his years of service in the United States

2

military, which is currently pending with U.S. Citizenship and Immigration Services. (Exhibit 1: Declaration of Timothy Tanner, ¶ 5)(ECF No. 6, PageID. 51). ICE has not issued a detainer or initiated removal proceedings against petitioner, and it does not currently intend to do so while the naturalization application is pending. (*Id.* at ¶ 6)(ECF No. 6, PageID. 51).

## II. Discussion

### A. The motion to supplement the response is GRANTED.

A district court has the power to permit or even direct a respondent to file a supplemental return or answer. *See Jung Woon Kay v. Carr*, 88 F.2d 297, 298 (9th Cir. 1937), *see also Smith v. Stone*, 40 F. App'x 197, 198, n.1. (6th Cir. 2002)(holding that a "district court clearly has discretion to permit supplemental affidavits it finds useful"). The Court grants the motion to file the supplemental response.

### B. Petitioner is not entitled to habeas relief on his claim.

Petitioner is not entitled to habeas relief at this time for several reasons.

First, this Court lacks jurisdiction to grant habeas relief and order the EOIR to conduct an immigration hearing to determine whether petitioner will be removed from the country following his release from custody because petitioner is currently in the custody of the Bureau of Prisons and not the EOIR or ICE. *See Ramirez v. I.N.S.*, 30 F. App'x 510, 511 (6th Cir. 2002). Petitioner is not currently in custody

3

pursuant to any immigration charges, and ICE has not begun removal proceedings against him. Hence, this Court lacks jurisdiction over his petition. *Id.* In addition, any request by petitioner for an immigration hearing to determine whether or not he will be removed from the country upon his release from prison is premature because petitioner's request to be naturalized is still pending before the U.S. Citizenship and Immigration Services. Because the question of whether petitioner will be considered an alien or a United States citizen at the time of his release from prison is undecided, his request for habeas relief is premature. *Id.*

Second, petitioner's claim is non-cognizable in habeas review because he does not challenge his conviction but the conditions of his confinement.

A § 2241 habeas petition is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement. *See Velasco v. Lamanna,* 16 F. App'x 311, 314 (6th Cir. 2001). These types of claims may not be brought under 28 U.S.C. § 2241, because this statutory section is reserved for challenges to the execution of a sentence and may not be used to challenge the validity of a conviction or the conditions of confinement. *Id.* Instead, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Petitioner's claim that he is being denied access to rehabilitative programs is non-

cognizable on habeas review, because it amounts to a challenge to the conditions of his confinement. *See In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013). Likewise, petitioner's "contention his rights have been violated as a result of the failure to conduct an immigration hearing prior to his release from custody is not a cognizable claim under § 2241." *Jarjour v. Johns,* No. 5:20-CV-16, 2021 WL 804172, at * 2 (S.D. Ga. Feb. 10, 2021), *report and recommendation adopted*, No. 5:20-CV-16, 2021 WL 796149 (S.D. Ga. Mar. 2, 2021)(collecting cases).

Third, petitioner failed to completely exhaust his administrative remedies prior to filing his petition.

A federal habeas corpus petitioner is required to exhaust his or her administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F. 3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The exhaustion requirement applies to a request for an IHP hearing to determine whether a federal prisoner is removable. *See United States v. Fernandez*, 312 F. Supp. 3d 27, 28-29 (D.D.C. 2018). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F. 3d at 466.

The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which

5

relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Although petitioner began the administrative review process, petitioner did not file an appeal with the Office of General Counsel, thus his claim remains unexhausted. *See United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002).

Lastly, it appears that petitioner has not been denied access to educational or vocational programs while incarcerated at FCI-Milan. Petitioner has also been scheduled for an ICE Interview at an Institution Hearing Site. (ECF No. 7-1, PageID. 74). Petitioner is not entitled to relief on his claim.

### III. Conclusion

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal

from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

SO ORDERED.

Dated: September 27, 2022         /s/Gershwin A. Drain
                                  GERSHWIN A. DRAIN
                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys on
September 27, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk